IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL W. FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 11-0725-CV-W-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

1

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).   When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

2

## Discussion

Plaintiff was 46 years of age at the time of his hearing before the ALJ. He obtained his GED in 2006 and has worked primarily as a boom operator, a welder and a counter person in machine supply companies. He also has worked as a land surveyor helper.

Plaintiff testified at the hearing before the ALJ that he suffers from severe arthritis, obesity, hypertension, diabetes, sleep apnea, COPD and depression.

It was the finding of the ALJ that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since August 2, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: morbid, Class III obesity, with a weight of 330 pounds on a 6' frame, for a body mass index (BMI) of 44.8, with related metabolic syndrome including hypertension, non-insulin dependent diabetes mellitus, obstructive sleep apnea and chronic obstructive pulmonary disease (COPD); and arthritis/degenerative changes of the thoracic and lumbar spine (20 CFR 404.1520( c).).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except to occasionally climb ramps and stairs, but never to climb ladders, ropes and/or scaffolds; to avoid concentrated exposure to extreme heat, cold, humidity, wetness, to pulmonary irritants, such as fumes, odors, dusts, and/or gases, to hazardous conditions, unprotected heights and hazardous machinery; and with tasks that can be learned in thirty days or less involving no more than simple work-related decisions with few work place changes (unskilled work.)

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on January 3, 1964 and was 43 years old, which is defined

    as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from August 2, 2007, through the date of this decision (20 CFR 404.1520(g)).

  Plaintiff asserts that the ALJ erred as there was not substantial evidence to support her findings because she did not properly consider his mental impairment, credibility, or properly determine the residual functional capacity (RFC).

  Upon review of the record as a whole, the Court is of the opinion that there was no error committed in failing to treat plaintiff's mental impairment as severe. In reaching this decision, the ALJ noted that plaintiff had provided little evidence, other than a diagnosis of depression and occasional prescribed medication. At the time of the original application, plaintiff did not allege depression as a severe impairment and has not received ongoing psychiatric/psychological treatment. Even after his diagnosis, he continued his employment at Spartan Metals, until that company went out of business. Plaintiff has not met his burden to establish a severe impairment.

  In analyzing plaintiff's credibility, the ALJ considered the factors enunciated in <u>Polaski v. Heckler,</u> 739 F.2d 1320 (8th Cir. 1984). Plaintiff's allegations were deemed not credible in that they were inconsistent with his work history, objective medical findings, and occasional

4

non-compliance. In considering the work history, as noted above, plaintiff left his last employment because the company went out of business, not because of disability. After that, he applied for unemployment benefits. Inherent in that application is an ability and willingness to work.

Medical findings also support the credibility analysis. Plaintiff's treating examiner indicated plaintiff could perform light work. Only moderate degenerative issues were discovered in the spine, and no records indicate a deterioration after this observation. There is no physician who found limitations greater than those of the ALJ. There is simply a lack of medical evidence to support the level of impairment alleged. This finding is buttressed by the fact that plaintiff did not have consistent treatment for his alleged physical impairments, that he missed multiple scheduled appointments, and that he disregarded other medical advice by continuing to smoke, after it was recommended that he quit. Despite plaintiff's allegations to the contrary, considering medical non-compliance is appropriate in a credibility analysis.

Finally, plaintiff accuses the ALJ of bias, and there is nothing in the record to support that allegation.

In view of the above findings, there was no error in formulating the RFC, after that analysis was completed. A proper hypothetical was posed to the vocational expert.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, Clark v. Sullivan, 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. The ALJ's findings that although plaintiff could not perform his past work, he could perform other work existing in significant

numbers in the national economy are supported in the record as a whole.  Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

                                        /s/ *James C. England*
                                        JAMES C. ENGLAND
                                      United States Magistrate Judge

Date: November 6, 2012